3-13-05-85 Michael Krause, appellant by John Ireland v. USA Docufinish and John Hill, appellate by Robert Pazella Mr. Ireland Police to the court. Counsel to the appellate. A very good morning to the justices of this honorable court. My name is John Ireland. I represent Michael Krause, the plaintiff in the trial court matter and the appellant in this case before your honors. Mr. Krause is before you today asking that you reverse the order of the trial court dismissing his Illinois Wage Payment and Collection Act. I'm going to use IWPCA if the court will allow me. The IWPCA, or the Act, claims for wages against the defendant. The trial court entered a dismissal of the IWPCA claims filed in the Will County Courthouse based upon the statutory language of the IWPCA, specifically Section 14 of the IWPCA. And the trial court found that Mr. Krause, as an employee, no longer had jurisdiction whatsoever to bring any claims under the IWPCA because he found that Section 14 of the IWPCA takes from Mr. Krause any claim because he first went to the Illinois Department of Labor pursuing the same action. Now, the finding was also supported and argued in a great degree in regards to the amendment of the IWPCA in 2011. The Illinois legislature amended the IWPCA in 2011 and defendant and the trial court found that the added language in 2011 took from Mr. Krause any jurisdiction to bring that claim because first he went to the Illinois Department of Labor. Further, this is not in the actual order but is in the record and was a substantial part of the briefs and the arguments. The trial court found that the 2011 amendments of the IWPCA reversed a substantial body of IWPCA case law in Illinois, specifically Miller v. Jones, Walters v. Department of Labor, and Rehnke v. Wildwood, the last being from the Seventh Circuit Court of Appeals and the Federal District Court. The court found that those cases were all reversed by the IWPCA amendment in 2011. And what do those cases stand for? Those cases stand for, Your Honor, there's a lot of different issues, particularly what was at issue. The overarching, Your Honor, is whether or not the Department of Labor is a judicial body that can hold hearings, consider evidence, and specifically, most specifically, enter a judicial order versus an advisor. Walters, Miller, and Rehnke all found, and I should note that Rehnke was a federal case that went up in the Illinois courts and then went over to the federal bench, so actually it's four courts that have made this decision. And the decision that was made was… Yeah, well, I mean, the federal just follows the state anyway, so that's not… Yes, Your Honor, and to answer your question, the finding of those cases was that the Department of Labor doesn't enter an order, that it's an advisor. But your opponent's argument is that those 2011 amendments, it's interesting, subject to appropriation, can set up an adjudicatory body. Yes, Your Honor. Now, will the record show that they received the appropriations to set up the adjudicatory body? Because it seems like in the briefs, we're still back to this advisory argument, your position is what they did in closing the file or whatever, the conciliatory process they engaged in with the appellee, when you're arguing it's not an adjudication. Yes, Your Honor, that's what I'm arguing. Did they ever set up an adjudicatory body? I don't know if they did or not. So the record doesn't say one way or the other? I don't believe so, Your Honor. What I do know is the language specifically to this case, excuse me, in Mr. Krause's case, they issued what is known as a wage demand. Well, the 2011 amendment also said a jurisdiction limit, too. If, indeed, an adjudicatory body was set up, does it not? Are you speaking of the section limitations filing period, Your Honor? No. I'm not. $3,000. In the 2011, that adjudicatory body was set up because if set up, if they got the appropriations to do so, was for claims $3,000 and under, am I correct? That's correct, Your Honor. And that's what I'm calling a jurisdictional limit, just like a small claim in the courts of general jurisdiction has a limit as well. Yes, sir. And in this case, it's beyond the $3,000 amount. Okay. By the DOL wage demand. If there was one set up. And I would also note that the language in the wage demand issued to Mr. Krause is exactly the same. It does not say order. It does not say finding. It says exactly the same language that was in the pre-amendment language in the cases that I've cited, the Walters, the Miller, and the Rankine, that it is an advisor that the employer is requested to make the payment, not ordered, requested. That's the language actually in the actual wage demand in this case. And therefore, I believe, even if they did set up the procedures, they didn't set it up and he didn't go through a hearing process here. Isn't the real problem here a procedural problem with the language in your complaint because you're seeking to enforce the wage demand? And counsel says, okay, because you're seeking to enforce a wage demand, there's a jurisdictional problem. But couldn't you have amended the complaint simply to seek to enforce the statute rather than the wage demand? Well, Your Honor, I would answer that question in two regards. One, counsel for the opposing party only cited part of the complaint. The actual complaint is for unpaid wages, which I have argued is a broader request, including IWPCA claim. And further, Your Honor, it asks for additional revenues that are available under the IWPCA, such as a 2% monthly penalty. And of course- Did you have an opportunity to amend the complaint? No, Your Honor, I did not. Was it dismissal with prejudice? It was a- The order doesn't say it was dismissal with prejudice. It was- I received the Supreme Court language which allows me to bring this appeal. It was a final judgment in regards to the IWPCA claim. Now, it did not include anything else in that language. And I would also argue that I was not given the right to amend. And, of course, this is small claims court. Here's the problem. Even though a trial court may say it's a final judgment, we have to decide whether it is a final judgment. So what was the basis for the motion to dismiss? I can't tell from this record whether it was 2615 or 2619. That was the defendant's motion, and it did not cite to a specific- So what gives us jurisdiction here when the motion to dismiss is so vague? I would argue, Your Honor, that the jurisdiction is established because that part of the case, the IWPCA claim, which is the majority of Mr. Krause's claims, was forever extinguished by the trial court. So do you have 304A language? Yes, Your Honor. I have 304A language. That is found in the subsequent order. Okay. All right. As long as you do- Yes, Your Honor. You'll find that in my brief. I'll find it. I don't want to derail your argument. Thank you, Your Honor. Your Honor, did I answer your question adequately? Yes. Thank you, Your Honor. Now, obviously, we have briefed this, and there's a, I think, for a small claims court. And to give a final answer to Your Honor, it's a small claims filing. And, no, I was not given a right to amend. If I had been given the right to amend, I certainly would have fully illustrated that. And, yes, I did reference the wage demand letter, but that is something that I subsequently found under Walters, under Miller, and under Reinke, is actually not something that's correct. I can't enforce that order because it's not an order. It's not an order of the Department of Labor because the Department of Labor, as I understand it, doesn't have the right to enter an order that Mr. Krause maintains possession and the right to pursue his claims. You're not conceding, are you, that the 2011 amendments were installed to prevent double collection? And not that if you choose one form as opposed to the other that you're stuck there and you have no jurisdiction? No, Your Honor. As in all jurisdictions or in all cases, you can't get a double recovery for the same claim. And that is actually my point in regards to Section 14, which the trial court referenced and relied upon. I read that as a remedy section which precludes double recovery. And that's not what we're asking for here, Your Honor. We're asking for a trial on his claims, all of his claims. Does the complaint allege that he has been paid, that he has recovered from someone? I'm sorry, Your Honor? The complaint doesn't allege that he has recovered. You're right because he hadn't recovered when it was filed, Your Honor. Has he since recovered? He received a partial payment, Your Honor. He received a partial payment after the filing and after some substantial motion and practice in front of the trial court. And then during settlement conference, there was a filing of admission of liability, a partial payment of his wages. He did not receive full payment and he didn't have his day in court. He believes that the amount that he received was insufficient. Further, he believes he's owed interest and penalties and costs and attorney fees, of course, all of which come into place when you file a Illinois Wage Payment Collection Act in the circuit court. To your request, Your Honor, you ask whether or not it was a double recovery prevention. And that is exactly what Section 14 is. And I believe the reading of that Section 14 says the employee not paid wages, final compensation, or wage supplements by his employers as required by the Act, shall be entitled to recover, shall be entitled to recover, and then it goes on through a claim filed with the Department of Labor or a civil action, but not both. That the but not both is in reference to the entitlement to recover and is not a jurisdictional preclusion. And if I may, that language at Section 14, which the defendant has cited to, which the court cited to in its order, dismissal order, is in complete contrast and complete contradiction to Section 11 of the IWPCA, which reads, nothing herein shall be construed to prevent any employee from making a complaint or prosecuting his or her own claim for wages. Then there's some more. And then the end where I highlighted says, without regard to exhaustion of any alternative administrative remedies. So in other words, Section 11 specifically allows the employee to go to circuit court after filing with the Department of Labor if he does not, of course, receive his payments, which he did not. He received a wage demand, subsequently filed a civil action, and then subsequently received partial payment. Would it be a fair inference that the 2011 amendments, given the jurisdictional limit on this adjudicatory body subject to an appropriation by the legislature, was a policy amendment to allow an adjudicated claim to have the force and effect of an order to be enforced? In a court of general jurisdiction as opposed to an evidentiary hearing before a court of general jurisdiction with subsequent order. So your question, if I understand your answer... It's a long summary, yeah. I think I understand. And it was actually where I was going next. The question was, I believe, if the Department of Labor entered an order, can that then be pursued in civil court? Correct? Is that correct? Well, that's one question. The other question is, let's say they set up the adjudicatory... Maybe the adjudicatory body was set up by the legislature recognizing that the DOL could never give an order, give an approach to dealing with these claims, that was an enforceable order by a court of general jurisdiction. So is the second part of your question that it's not an order? I'm just asking why the amendment. I'm just coming up with... Possibly I'm engaging in augury, I don't know. What's the purpose of that amendment? It's just an aside because there's nothing in the record to show that they even set up this thing. That's correct, Your Honor. So your client's procedures through the DOL were pretty much standard before the amendment. In other words, the DOL didn't do anything differently as a result of the amendments that they were doing apparently before. Not that I am aware of. Aware of, yeah. The language that I found in the wage demand, and my client actually went in on a motion to reconsider and got the same letter saying no to the report. All the language in all of the communications and all the filings from the Department of Labor indicate that Mr. Krause had every right to go anywhere in civil court that he wanted to. That was two minutes. And more to your point of what is the purpose of the 2011 amendment, and I have conducted a fair amount of research into that. Senator Delgado is the senator behind the amendments of 2011. From the floor of the Illinois legislature, he stated, the main goal is that it allows the creation of an administrative procedure within the Department of Labor to resolve small claims, not as the defendant and as the trial court found, to remove jurisdiction from a claim. Further, Senator Delgado said, this will amend the IWPCA to provide an employee who is subject to wage theft is able to recover through a claim filed with the Department of Labor or through a civil action. It doesn't say that if you go to the Department of Labor, you're done. Now on the traditional, when do we go to legislative history? When the language is ambiguous? That is correct, Your Honor. I would argue that. Okay, so is it ambiguous? I would argue it is, Your Honor. Section 11 says, according to the trial court, section 14 says jurisdiction is gone from Mr. Krause. I argue that the clear language from section 11 says the employee can go to court, regardless of administrative action. So we have one that says the administrative action doesn't matter, and you have the second, 14, which says that if you file an administrative action, you're done. So there's clearly ambiguous. Within the statute, in the different provisions. Within the statute, within the interpretation as entered by the trial court versus the play language found in section 11. Thank you, Your Honor. Thank you, Mr. Ireland. And Mr. Sellis, have I pronounced that correctly? Good morning, Your Honors. Your Honors, I'll be very brief. I have three points, and then I'll be open to questions, but just three small, short points. The letter upon which the complaint is based, and the complaint language itself says, I, the undersigned, claim that the defendant is indebted. That's a key word, indebted. Not possibly owing, not seeking damages, nothing like that. Indebted to the plaintiff in the sum of $10,000 for owed wages, enforcement of a wage payment demand issued by the Department of Labor. Every court in Illinois has held wage payment demands are not enforceable. They are an investigatory, equitable effort to try to get the parties to settle a dispute. Without seeking to amend this complaint, there is no jurisdiction to support this type of language. There is no jurisdiction in the court to have a wage demand letter enforced, and that's all that he's seeking in this complaint. Point two, section 11, in the most, not the 2014 iteration, but the 2011 iteration, does state that no administrative action... Are you saying that your point number one, that if the department issues this letter, and that's all, that plaintiff has no remit? That the plaintiff has no remit? That appears to be what the legislator has created. And... Point two. The fact that someone has a choice, well, that's my third point, but the fact that someone has a choice to go to either civil court or go to the Department of Labor does not guarantee a recovery. There still has to be evidence to show that there was a loss, that there was a wage owed, and with the wage demand letter system, there is none of that evidentiary hearing. There is no due process available, and it's absolutely unenforceable, the way that the department has it scheduled right now, or structured right now. So why would anybody go there first? Because the department has other authority and other powers that it can use in appropriate circumstances, when its investigation suggests that it do so. It can issue subpoenas. It can get documents through production requests. The person that turns to the Department of Labor is really hoping that once the wage demand is issued, the other side will comply. I suspect that... It's kind of a gentleman's place to litigate. I suspect that it's not litigation. It's an equitable adjustment of a claim. Dispute resolution. Yes. And normally, can a private citizen invoke that dispute process? Not... Well, I guess what I'm saying is, back to the other justice's question, Justice Wright's question, one might say, I can't afford a lawyer, or I don't want to get involved in litigation, and this is an alternative dispute resolution mediation type thing. Non-binding mediation. Yes. Set up, you know, and it's relatively benign, with the hope that a finding, or an opinion by, rather, because you're saying it's not a finding, but it would be more of an opinion, so to speak. Recommendation. Recommendation, yeah. By the Department of Labor at the State of Illinois, might have some weight in getting some benefit to both parties, in particular the person bringing that claim. I think that explains the Walters case, Your Honor. That's why Mr. Walters was so adamant about seeing what the impact of the wage letter was, because they threatened him with a lawsuit. And that comes into the power that is granted by Section 11, in my second point. Section 11 provides the authority to the department to file lawsuits in the name of the director. It has other powers, too, that are purely administrative, and that's what that section that counsel referred to actually refers to. Section 6. Let me give you an example. Let's take a mythical national company called Mollibulch that has national hiring and national labor problems because they've made a corporate decision not to pay any overtime to any of its hard-working workers. Under Section 11 powers, the Department of Labor has certain administrative powers they can enforce, and those acts include Section 6. It can deal with other states to make sure that wage disputes across state lines don't create a barrier to recovery for an employee who's been wronged by his or her employer. Section 6 is a very powerful tool. It allows the department to deal with every state in the country, and probably the territories, too, I would imagine. Section 7 is another very strong administrative tool. If you've got a massive multi-state company with millions in resources and unpaid overtime, the department is entitled and empowered under Section 7 to create a class, to select the class members that will be representative of the class, and to file a class action using the attorney general's office. Those are very strong administrative powers. Now, the language in Section 11 that says, if we take an administrative action, that doesn't prevent you from filing your own suit, that makes perfect sense under that circumstance. You have administrative activities being taken by the department against a malwart or wart or whatever. They proceed against that company. That does not affect an individual's right to sue if he or she so chooses to sue under Section 14. They can go with a department action, or they can file their own private action. So the administrative, and it's administrative, only administrative, administrative action that is taken by the department does not include a private suit. But when the private party goes and seeks a remedy from the DOL, you're saying it does, he's elected and is precluded from going into a court of general jurisdiction. I think that goes into the purpose of the amendments that came through in 2007 and now 2014. The original purpose of the wage dispute article was to get people paid, to find some resolution, to put a little hammer into the department's authority so people wouldn't be taken advantage of by a much larger and richer employer. Or required to go to circuit court to get paid when the Department of Labor's wage demand does not garner voluntary pay. But that presumes that there's going to be a successful claim in circuit court. If it was successful, the Department of Labor has filed suits against companies that have not paid overtime or that have not paid their employees properly, that have not paid vacation. The Department of Labor did not file a suit here. Correct, but they did do an investigation. They interviewed people, and their determination was... They did not say how much was owed. They suggested this would be a proper payment under this voluntary effort to resolve the dispute. And what was the amount? In excess of $4,000. Was $4,000 paid? That amount was paid. The whole $4,000? The $4,600, I believe, was the number. I don't recall the exact figure. I'm sorry, Your Honor, but it was paid. After the lawsuit? After the lawsuit. But not before? Not before. And so why wouldn't they be entitled to attorney's fees? Because they had to walk into court to get the payment. Because the actual complaint filed was nothing more than an effort to enforce a wage demand letter, and there's no jurisdiction for that. In every court so far as health, there's no jurisdiction for that. There may not be a cause of action. That's an affirmative matter under 2615 that can be replayed. If his complaint had alleged that there was a violation of timely payment allowing him to collect attorney's fees, would you have made the same motion to dismiss for lack of jurisdiction if the word wage demand did not appear in the complaint? Your Honor, if that was the circumstance, and if that was the complaint that had been filed, which was not, I would have asked for my client's day in court, and we would have had witnesses, we would have had hearings, we would have had testimony, we would have had evidence. It brings me back to the point that your motion to dismiss doesn't say whether it's 2619 or 2615. And so because your motion was vague, the court dismisses it as if there's a jurisdictional matter and convinced me why it wasn't simply an affirmative matter that could have been replayed. Well, jurisdiction is not an affirmative matter. Does the court have jurisdiction or not? No matter what the parties decide to do in front of a court, if the court has no jurisdiction, we can't give the court jurisdiction by agreement. Did this complaint have been redrafted? It wasn't, but it could have. Did he request leave to redraft it? I was there for the court hearings. I do not recall that ever happening. We've got a transcript in the appendix, and he did. And in the re-hearing for the reconsideration motion, that was the only time that he... And A51 in the appendix says, I would ask leave to amend the pleading because I used the form that was provided on the website. I'd be happy to provide a very long set of pleadings. And it was summarily dismissed. So you claim jurisdiction precludes this particular lawsuit, but they could certainly refile it? That's not my only argument, Robert. All right. Section 11 clearly says, the department can use administrative powers that does not preclude a private lawsuit. When we get to Section 14, if the purpose of this statute is to smooth the way for people to get paid monies they are owed, why would they create one system in the effort to smooth the way and then still let them go to court? It doesn't solve anything. It doubles the costs, it increases the time, and, frankly, it's unfair to employers because, first of all, they've got to go through the original possible investigation before the Department of Labor. Then they've got to repeat it. That's not uncommon in administrative, and EEOC is like that. They're not the same structure as this, but it's similar. EEOC will run a very normal initial investigation. If they say we're not going to date this claim... Yeah, they'll give you a right to sue letter. If they say we are going to date the claim, we may support it. They will give you a right to sue letter if they're in that gray area. It's not an unusual thing in administrative law. But with the statements made by DOL, the right to sue letter, and saying you can go into court here, isn't that similar to that? Twice the claimant got these documents. The form letter that they use. I'm not sure that form letter is good anymore after the 2014 amendments because the changes that have been made to section 14 and section 11 are interesting. Please, Your Honor, to your previous question. The 214, but we're back to the 211. They found a way to fund it. Oh, okay. But section 14 previously did not have a statement that you have the right to sue. It was only in the 2011 section. It was implied that you could file a private action throughout the act, and the cases assumed that there was that right. But it was not specifically mentioned in the act until the 2011 version. The 2011 version said, you've got a choice. You have two options, but you can only be paid once. That's what the statute says. It doesn't say you can only be paid once. You can file a complaint with the Department of Labor, or you can file a private lawsuit, but not both. And that but not both language is fairly clear on its face. But not both is tied to the word recover. Correct? I believe there are commas around that language, Your Honor, and I don't believe that is... Because from your perspective, you say it's doubly hard for the employers. They have to go through this Department of Labor proceeding, and then they have to walk into court, and that is unfair. But I think what they were trying to do was give more teeth to the Department of Labor's wage demand, make that an order that could be enforced by walking in the door of a courtroom without a lot of procedures. I think your argument... For a person that wasn't paid the wages. I think your argument is why the 2014 amendment took place, Your Honor, because they now have teeth. Now the language in the statute says, if we issue a demand or an order, we get paid. The fee of 500, 1,000, whatever the numbers are, depending on the wage loss or the wage claimed. Regardless of the result, the department is getting funded. That did not exist in 2011. 2011... And it was not tied to recovery, Your Honor. The language... It only says, you can make this claim. Thank you. Are there any other questions? I guess not. Thank you very much, Mr. Casella. And Mr. Ireland, any rebuttal? I would like to start my rebuttal in regards to counsel's last point, that the right for a filing of an independent action by the employee did not predate the 2011 amendments. I respectfully disagree with counsel, and I cited in my reply brief on page 8 that the pre-amendment and the post-amendment language found in section 11 reads, nothing herein shall be construed to prevent an employee from making a complaint or prosecuting his or her own claim for wages. Now, they then added in the 2011 amendments the additional language saying, without regard to administrative action. That's new. But the right to sue prior to that did exist, and I respectfully disagree with defense counsel on that. And Miller, Ranky, and Walters all refer to an employee, not the Department of Labor, pursuing a claim, and all of those did predate the 2011 amendment. So I think by those cases, they demonstrate that the right to an independent action predated the 2011 amendment. Regarding the claim that section 7, section 6 of IWPCA also gave to the Department of Labor powers. It's undisputed the Department of Labor had powers. They always had powers. They always had things that they could do. But nothing that I have found in the amendments, the legislative history, or in the language found within the Act itself states that the finding of the Department of Labor is in order. I don't believe that they changed, at least for Mr. Krause, the provisions for the order, whether or not there's an order, a judicial order, a judicial finding. Now, counsel has said that they've now found the finding. Well, perhaps they have, but they didn't find it for Mr. Krause, and Mr. Krause received a letter, a demand letter, from the Department of Labor, as I earlier described, has the same language, apparent violations and a demand, not an order but a demand, and it closes, this decision does not preclude any party from seeking any remedy available in equity or in law. You may wish to consult with an attorney for information or advice. And what was the remedy you were seeking? And that gets back to the first point of opposing counsel's three points. What was I seeking, Your Honor? I was seeking Mr. Krause's day in court, that he would have his IWPCA claim brought before the trial and a full hearing and an adjudication of that claim. And that's what we were seeking. So it wasn't enforcement of their recommendation? That is correct. I'm going to admit, Your Honor, when I filed this complaint, I thought the DOL was in order. I honestly did think that. You thought what? I thought the Department of Labor wage demand was in order when I filed it. But I also filed it with the broad language of owed wages, payment of interest, penalties, cost, attorney fees, and penalties. So I pled in the complaint enforcement and broader language, which I would amend, as Justice noted in the record, to be an IWPCA claim standalone. During this case, I discovered that the Department of Labor is not a judicial body and that the order is not in order, that the wage demand is a recommendation. And if I were pleading it today, Your Honor, I certainly would plead it in a different manner. Following up to Justice Holdred's question, as you stand here today, what has your client not received? I have learned that there's been subsequent settlements. Not a settlement, Your Honor. A subsequent payment. What is it that you feel your client has not received that the statute would entitle you to? As you alluded to, attorney fees certainly is an element of that because there is an admission of liability under the IWPCA. But beyond that, there's a 2% per month penalty, which is applicable under the IWPCA, which was not paid. And further, the wage demand letter, Mr. Krauf's belief was inadequate, that the Department of Labor hearing and recommending... Just quickly, what else is... He believes he's owed additional wages beyond the $3,365 that was paid. He believes that the Department of Labor gave a gratuitous payment for a payment which he actually earned. So he would like a full hearing on all of the claims that he has and, of course, all of the claims that he... all of the remedies that are available under the IWPCA. Okay. Thank you, Your Honor. Thank you very much, Mr. Arnold. Thank you both for your argument today. Thank you very much. We will take this matter under advisement, effective as a written decision. May I make one additional comment? I've read the transcripts here, and the civility that you two are able to show in this courtroom to this court is greatly appreciated. And it would be really nice if you could take that back to the trial court because the civility here is greatly appreciated. Thank you, Your Honor. I will try to do that. All right. I will take short recess now.